**E-FILED**
Thursday, 30 January, 2014  10:50:48 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| EBC ASSET INVESTMENT, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13-cv-1378 |
| SULLIVAN AUCTIONEERS, LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Sullivan

Auctioneers, LLC's (Sullivan) Motion for Judgment on the Pleadings

(d/e 17) (Motion).  For the reasons set forth below, the Motion should be

denied.

### STATEMENT OF FACTS

Motions for judgment on the pleadings are governed by the same

standards as motions to dismiss.  Fed. R. Civ. P. 12(b)(6) and (c); Northern

Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449,

452 (7th Cir. 1998).  Thus, for purposes of the Motion, the Court must

accept as true all well-pleaded factual allegations contained in the

Complaint (d/e 1) and draw all inferences in the light most favorable to

Plaintiff, EBC Asset Investment, Inc. (EBC).  Hagen v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  All documents attached to the Complaint are part of the Complaint for all purposes.  Fed. R. Civ. P. 10(c). The Complaint alleges the following:

On June 4, 2007, Scott Hoerr and his wife Anna Hoerr granted to Corn Belt Bank & Trust Company (Corn Belt) a security interest in all of the Hoerrs' "inventory, chattel paper, accounts, equipment, general intangibles, crops, farm products, livestock (including all increase and supplies) and farm equipment."  Complaint, Exhibit A, Agricultural Security Agreement (Security Agreement), at 1.  The grant of a security interest included all such property "now owned or hereafter acquired."  Id.  At the time, the Hoerrs were indebted to Corn Belt on two promissory notes in the original principal amounts of $450,000 and $270,000.  The $450,000 note was renewed and replaced by another $450,000 note dated July 18, 2008. Complaint, Exhibits C and D, Promissory Notes (Notes).  The Notes were part of an ongoing business relationship with the Hoerrs and Corn Belt. Corn Belt Bank had previously filed a financing statement perfecting its security interests in the Hoerrs' collateral on July 21, 2004.  Complaint, ¶¶ 6-8.

On February 13, 2009, the Federal Deposit Insurance Corporation (FDIC) closed Corn Belt.  The FDIC, as receiver for Corn Belt, maintained the perfection of Corn Belt's security interest in the Hoerrs' collateral by filing a continuation of Corn Belt's financing statement with the Illinois Secretary of State on June 30, 2009.  Complaint, Group Exhibit B, Financing Statements.

EBC alleges that the FDIC sold the Notes and assigned the security agreements to EBC.  Complaint, ¶¶ 9-11. The documents attached to the Complaint show that the FDIC sold the Notes and assigned the security interests to CIRAS, LLC, effective August 6, 2009; and CIRAS, LLC, sold the Notes and assigned the security interests to EBC effective August 25, 2009.  Complaint, Exhibits C, D, and E Promissory Notes, Allonges and Assignments of Security Agreements.  On June 20, 2011, financing statements were filed with the Illinois Secretary of State showing the assignments of security interests from the FDIC to CIRAS, LLC, and then to EBC.  Complaint, Group Exhibit B Financing Statements.

In the spring of 2010, the Hoerrs decided to end their farming operation.  Scott Hoerr contacted Sullivan to conduct an auction of the Hoerrs' farming equipment.  The auction occurred on June 22, 2010. Neither the Hoerrs nor Sullivan notified EBC of auction.  Sullivan conducted

an auction at Sullivan's place of business in Hamilton, Illinois.  Sullivan was the auctioneer.  Complaint, ¶¶ 12-16.

Upon information and belief, EBC alleges that the sale proceeds totaled $820,545.00.  EBC alleges that the proceeds were subject to its security interest.  Sullivan's distributed the proceeds to John Deere Credit, Scott Hoerr, and itself.  EBC alleges that it demanded payment of the proceeds from the sale, but Sullivan refused the demand.  EBC asks for a judgment against Sullivan for the proceeds from the sale.  EBC filed this action on August 13, 2013.   Complaint, ¶¶ 17-21.

Sullivan moves for judgment on the pleadings.

## ANALYSIS

Judgment on the pleadings is governed by the same standard as motions to dismiss.  Northern Indiana Gun & Outdoor Shows, Inc., 163 F.3d at 452.  Thus, judgment on the pleadings is proper where a complaint fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim must provide the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Judgment on the pleadings is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Sullivan argues that EBC's claim is barred by the statute of limitations.   The Court disagrees.  EBC alleges that it had a valid, perfected security interest in farm equipment, Sullivan wrongfully sold the equipment as auctioneer for the Hoerrs without notice to EBC, and Sullivan dispersed those proceeds in contravention of EBC's security interest. Under Illinois law, an auctioneer who conducts an auction without the consent of a secured party may be liable to the secured party for conversion of the secured party's interest in the collateral.  See Hills Bank

and Trust Company v. Arnold Cattle Co., 22 Ill.App.3d 138, 140-41, 316

N.E.2d 669,671 (Ill. App. 3$^d$ Dist. 1974).[1]

Actions for conversion of personal property are subject to a five-year

statute of limitations in Illinois.  735 ILCS 5/13-205.  Section 13-205 states:

> § 13-205. Five year limitation. Except as provided in Section
> 2-725 of the "Uniform Commercial Code", approved July 31,
> 1961, as amended, and Section 11-13 of "The Illinois Public Aid
> Code", approved April 11, 1967, as amended, actions on
> unwritten contracts, expressed or implied, or on awards of
> arbitration, or to recover damages for an injury done to
> property, real or personal, or to recover the possession of
> personal property or damages for the detention or conversion
> thereof, and all civil actions not otherwise provided for, shall be
> commenced within 5 years next after the cause of action
> accrued.

735 ILCS 5/13-205.  Section 13-205 specifically mentions conversion of

personal property.  EBC alleges that Sullivan converted its security interest

in the Hoerrs' personal property in the form of the farm equipment.  Section

13-205 applies.  The alleged conversion occurred in June 2010.  EBC

brought this action in August 2013, well within the five-year statute.  The

action is not barred by the statute of limitations.

---

[1] Sullivan elsewhere challenges whether Hills Bank and Trust Company v. Arnold Cattle Co. is still good
law.  Defendant's Answer and Affirmative Defenses to Complaint (d/e 11), ¶ 23.  Sullivan does not raise
this issue as a basis for the Motion.  Therefore, the Court does not address that issue at this time.  The
Court will address the continuing efficacy of the common law principles announced in Hills Bank and
Trust Company v. Arnold Cattle Co. in connection with EBC's pending Motion to Strike Defendant's
Affirmative Defenses Pursuant to Fed.R.Civ.P. 12(f) (d/e 14).

Sullivan argues that EBC's claim is subject to the three-year statute of limitation in Article 3 of the Uniform Commercial Code (UCC), 810 ILCS 5/3-118(g).  Section 3-118(g) states:

> g) Unless governed by other law regarding claims for indemnity or contribution, an action (i) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this Article and not governed by this Section must be commenced within 3 years after the cause of action accrues.

810 ILCS 5/3-118(g).  Section 3-118(g), is part of Article 3 of the UCC. Article 3 applies to negotiable instruments.  810 ILCS 5/3-102.  A negotiable instrument is an unconditional promise or order to pay money which meets several specific conditions.  810 ILCS 5/3-104.  EBC does not allege that Sullivan converted a negotiable instrument.  EBC alleges that Sullivan converted its security interest in the Hoerrs' farming equipment. Section 3-118(g) does not apply.

Sullivan also argues that Article 9 of the UCC does not apply. Sullivan first argues that Article 9 only applies to, "a transaction, regardless of form, that creates a security interest in personal property or fixtures by contract,"  quoting § 9-109(a) of Article 9.  810 ILCS 5/9-109(a).  Sullivan argues that Article 9 no longer applies since the security interest was already created in 2007.  The Court disagrees.  A review of Article 9 shows

that the article governs the rights of the party holding a security interest

after the security interest has been created.  For example, Part 9-2 governs

effectiveness of security interests and the rights and duties of the secured

party, and Part 9-3 governs perfection and priority of security interests.

810 ILCS 5/9-201- 5/9-210, 5/9-301- 5/9-342.  Article 9 clearly applies to

more than just the creation of a security interest, but also applies to the

ongoing rights and obligations between the secured party, the property

owner, and third parties.

Sullivan also argues that this transaction is excluded from Article 9.

Section 9-109(d)(5) states:

> (d) Inapplicability of Article. This Article does not apply to:
> . . . .
> (5) an assignment of accounts, chattel paper, payment
> intangibles, or promissory notes which is for the purpose of
> collection only;

810 ILCS 5/9-109(d)(5).  Sullivan argues that the assignment to EBC was

for the purpose of collection only.  The Court disagrees with Sullivan's

analysis.  EBC alleges that it bought the Notes secured by the security

interests in the collateral, including the Hoerrs' farm equipment.  When read

favorably to EBC, the allegations show a sale of an asset in the form of the

secured Notes, not an assignment for collection only.  The Court must read

the allegations favorably to EBC for purposes of this Motion.  When read that way, the allegations show that Article 9 applies.[2]

Beyond all this, Sullivan's arguments about Article 9 miss the point. The applicability or inapplicability of Article 9 might or might not affect the validity of EBC's security interest, but does not turn EBC's claim into an action subject to Article 3.  The only possible negotiable instruments in this case subject to Article 3 are the Notes.  EBC does not allege that Sullivan was obligated under the Notes, does not allege that Sullivan converted the Notes, and does not otherwise seek to collect on the Notes.  Rather, EBC alleges that it had an interest in property in the Hoerrs' farm equipment in the form of a security interest, and Sullivan wrongfully converted that interest.  EBC's alleged security interest is not a negotiable instrument; the security interest is an interest in personal property to secure payment.  See 810 ILCS 5/1-201(b)(35) .  Article 3 only applies to negotiable instruments. 810 ILCS 5/3-102.  Thus, Article 3, including § 3-118(g), does not apply.

---

[2] Sullivan appeals to matters outside the pleadings to make this argument. See Defendant's Response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses (d/e 16) (Memorandum), ¶ 1, at 3; and Motion, at 2 (adopting paragraph 1 of the Memorandum as its memorandum of law in support of the Motion).  A motion for judgment on the pleadings is based on the pleadings.  Fed. R. Civ. P. 12(c). Presenting matters outside the pleadings that are not excluded by the Court will convert the motion to a motion for summary judgment.  Fed. R. Civ. P. 12(d).  This Court, in its discretion, should exclude the matters outside the pleadings and not convert this Motion to a motion for summary judgment.  Sullivan has not complied with this Court's requirements for summary judgment motions.  See Local Rule 7.1(D). Sullivan should comply with the Local Rules if it wishes to seek summary judgment.

The statute of limitations for conversion of personal property in Illinois is five years. 735 ILCS 5/13-205. EBC's claim is not barred by the statute of limitations. Sullivan is not entitled to judgment on the pleadings.

WHEREFORE this Court recommends that Defendant Sullivan Auctioneers, LLC's Motion for Judgment on the Pleadings (d/e 17) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER:    January 30, 2014


_____*s/ Byron G. Cudmore*_____
UNITED STATES MAGISTRATE JUDGE