IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| EBC ASSET INVESTMENT, INC., a Virginia corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13-cv-1378 ) |
| SULLIVAN AUCTIONEERS, LLC, an Illinois limited liability company, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff's Motion to Strike Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) (d/e 14) (Motion). For the reasons set forth below, the Motion should be ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff EBC Asset Investment, Inc. (EBC) brings this action against Defendant Sullivan Auctioneers, LLC (Sullivan), for conversion of EBC's security interest in farm equipment. EBC alleges that it had a security interest in farm equipment owned by Scott and Anna Hoerr. EBC alleges

that Sullivan conducted an auction for the Hoerrs in which he sold the farm equipment without notice to EBC and distributed the proceeds from the sale in contravention of EBC's interests in those proceeds.  Complaint (d/e 1).

On November 8, 2013, Sullivan answered the Complaint and asserted four affirmative defenses.  Defendant's Answer and Affirmative Defenses to Complaint (d/e 11) (Answer), ¶¶ 22-25.  EBC moves to strike all of these defenses.

## ANALYSIS

This Court may strike an insufficient defense from a pleading. Fed. R. Civ. P. 12(f); see Jackson v. Methodist Medical Center of Illinois, 207 WL 128001, at *1 (C.D. Ill. January 11, 2007).  Motions to strike, however, are generally disfavored because they are often used only to delay proceedings.  Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).  "The Court is particularly reluctant to strike affirmative defenses because the assertion of an affirmative defense does not prejudice the plaintiff.  A plaintiff is not required to file a responsive pleading and is deemed to have denied all allegations in any affirmative defense.  Fed. R. Civ. P. 7(a) and 8(b)(6)."  Fralick v. County of Dewitt, 2011 WL 5509226, at *1 (C.D. Ill. November 10, 2011).  The Court

addresses each defense separately.  The Court refers to each defense by the paragraph number in the Answer.

Affirmative Defense Paragraph 22

Paragraph 22 alleges the following affirmative defense:

22. The Plaintiff s action is a claim for conversion of the cash proceeds from the auction and is based upon its alleged secured interest (as evident by the negotiable instruments filed herein by the Plaintiff) in the Hoerr farm equipment sold at auction by the Defendant, and accordingly is barred by the 3-year statute of limitations under Article 3 of the Uniform Commercial Code, specifically § 3-11 8(g), which provides:

> "(g) Unless governed by other law regarding claims for indemnity or contribution, **an action (i) for conversion of an instrument, for money had and received, or like action based on conversion**, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this Article and not governed by this Section **must be commenced within 3 years after the cause of action accrues**."

(emphasis added).

In this case, the Plaintiff contends that its cause of action for conversion accrued on June 22, 2010 (*See* ECF No. 5); however the Defendant filed its Complaint herein on August 23, 2013 (*See* ECF No. 1).

Answer, ¶ 22 (emphasis in the original).  Thus, Sullivan alleges that EBC's claim is barred by the statute of limitations.

Sullivan is incorrect as a matter of law.  EBC's claim is not barred by the statute of limitations.  Sullivan raised this same argument regarding the three-year statute of limitations in § 3-118(g), 810 ILCS 5/3-118(g), in his

Motion for Judgment on the Pleadings (d/e 17). This Court has recommended denying the Motion for Judgment on the Pleadings. <u>Report and Recommendation entered January 30, 2014  (d/e 20)</u>. As explained in that Report and Recommendation, the applicable statute of limitations is the five-year statute set forth in 735 ILCS 5/13-205; § 3-118(g) does not apply. The defense in Paragraph 22 is legally insufficient and should be stricken.

<u>Affirmative Defense Paragraph 23</u>

Paragraph 23 alleges the following affirmative defense:

23. The Auction License Act of the State of Illinois, 225 ILCS 407/5-1 et seq. ("the Act"), became effective on January 1, 2000 and it regulates and sets forth the business practices standards of auctioneers. The (sic) is no prescribed duty under the Act for an auctioneer on his own accord to determine whether the property proposed to be sold at an auction is encumbered by a third party. The Act puts that burden on the seller, not the auctioneer. Specifically, § 15 -10(2) of the Act provides that "the seller shall disclose" to the auctioneer, as a part of the auction contract, "any mortgage, lien, easement, or encumbrance of which the seller has knowledge on any property or goods to be sold or leased at or by auction." In the case at hand, the seller, Scott Hoerr, disclosed to the Defendant that the John Deere Credit Corporation was the only secured creditor of Mr. Hoerr's farm equipment. The basis for the Plaintiff's conversion claim is *Hills Bank and Trust Company v. Arnold Cattle Company*, 316 N.E.2d 669 (3rd Dist.1974); however, this case predates the Act and the Act is the controlling law. Thus, the Defendant's claim is void under the law.

<u>Answer</u>, ¶ 23.

Sullivan alleges that §15-10(2) of the Illinois Auction License Act, 225 ILCS 407/5-1 et seq. ("the Act"), absolves it of any liability to a secured creditor in a common law claim for conversion. Under Illinois common law, an auctioneer who conducts an auction without the consent of a secured party may be liable to the secured party for conversion of the secured party's interest in the collateral. See Hills Bank & Trust Co. v. Arnold Cattle Co., 22 Ill.App.3d 138, 140-41, 316 N.E.2d 669, 671 (Ill. App. 3$^d$ Dist. 1974). Sullivan alleges in its affirmative defense that §15-10(2) of the Act supersedes common law and absolves the auctioneer of any liability.

The Illinois Supreme Court has explained when statutes abrogate common law:

> We begin our analysis by noting the following well-settled principles that govern legislative abrogation of a common law rule. Common law rights and remedies remain in full force in this state unless expressly repealed by the legislature or modified by court decision. Any legislative intent to abrogate the common law must be plainly and clearly stated, and such intent will not be presumed from ambiguous or questionable language. . . .
>
> The implied repeal of the common law is not and has never been favored. Thus, a statute that does not expressly abrogate the common law will be deemed to have done so only if that is what is necessarily implied from what is expressed. But in such cases, there must be an "irreconcilable repugnancy" between the statute and the common law right such that both cannot be carried into effect.

Rush University Medical Center v. Sessions, 2012 IL 112906, ¶ 16, 980 N.E.2d 45, 50-51(Ill. 2012) (internal citations and quotation marks omitted).

In this case, the Act does not plainly and clearly abrogate common law rights of secured creditors to hold auctioneers liable for conversion. The purpose of the Act is to license and regulate auctioneers. 225 ILCS 407/5-5. Section 15-10 sets forth the terms that must be in an auction contract. Section 15-10(2) requires the seller to disclose secured creditors in the contract. The Act says nothing about protecting auctioneers from liability to anyone, and specifically says nothing about auctioneers' liability to secured creditors under common law.

Section 15-10(2) is also not irreconcilably repugnant to common law rights of secured creditors to seek remedies for conversion. The section requires the seller to disclose secured creditors. The provision says nothing about auctioneers' common law rights or obligations to third parties. Sellers can comply with this provision, or fail to comply with this provision, without creating some conflict with common law. At most, the provision may give Sullivan some additional basis for recourse against the Hoerrs for their failure to disclose.[1] The Act does not compel the conclusion that a secured creditor may not assert a claim for conversion

---

[1] The Court notes that the Hoerrs have filed bankruptcy. See Order entered October 17, 2013 (d/e 7) (reinstated by Order entered November 15, 2013 (d/e 13)), at 4. Thus, the additional recourse would be a claim in bankruptcy in this case.

against an auctioneer.  The defense set forth in paragraph 23 is legally insufficient and should be stricken.

Affirmative Defense Paragraph 24

    Paragraph 24 alleges the following affirmative defense:

    24. The Defendant believes that John Deere Credit Corporation had a purchase money security interest in Mr. Hoerr's John Deere equipment to the extent of $741,743.20; and accordingly, the Defendant contends that the Plaintiff cannot claim that the Defendant illegally converted this amount, nor the pro rata share of the Defendant's sales commission and advertising expenses relative to the John Deere equipment sold at the auction, the sum of which totaled $35,069.73.

Answer, ¶ 24.

EBC argues that this defense is not a true affirmative defense because it does not allege a basis to avoid liability.  An affirmative defense generally assumes the complaint is true and asserts some other reason why the defendant is not liable.  E.g., Lexington Ins. Co. v. Titan Intern., Inc., 2008 WL 687384, at *1 (C.D. Ill. March 11, 2008).  Paragraph 24 may not be a true affirmative defense because it does not allege a basis to avoid liability, but only alleges facts that would reduce the amount of damages.  Rule 8(c), however, states that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).  Sullivan may have concluded that it was obligated to plead this avoidance of damages under this Rule.  Sullivan's pleading of this defense also furthers

the case by notifying EBC and the Court that Sullivan challenges the priority of EBC's secured claim and the effect of that priority. The defense also does not prejudice EBC because it is deemed to deny or avoid it. Fed. R. Civ. P. 7(a) and 8(b)(6). Therefore, the defense should not be stricken on this ground.

EBC also argues that Paragraph 24 fails to plead sufficient facts to state a defense. The same pleading standards apply to affirmative defenses as to other pleadings. Fed. R. Civ. P. 8(a) and (c); see Local 165 v. DEM/EX Group, Inc., 2010 WL 971811, at *2 (C.D. Ill. March 11, 2010). The Court finds that the factual allegations here are sufficient. Sullivan specifically alleges that John Deere Credit Corporation's secured claim had a superior priority and also alleges the amount of that claim. Sullivan also alleges the specific amount of its fees and expenses that it alleges are at issue in this defense. These allegations meet the pleading requirements of Rule 8 to put EBC on notice. The affirmative defense in paragraph 24 should not be stricken.

<u>Affirmative Defense Paragraph 25</u>

Paragraph 25 alleges the following affirmative defense:

25. Based on the pleadings and exhibits thereto filed herein to date by the Plaintiff, the Defendant believes that the Defendant may not own or be the holder in due course of the underlying debt and instruments securing the same, or otherwise may not

> have an (sic) legal basis to seek enforcement of its rights under such instruments, because of one or more of the deficiencies that appear on the face of the documents. For instance, but not limited to: 1) the security agreement dated April 4, 2007, which is the underlying basis for the Defendant's alleged secured interest in the farm equipment sold at auction, doesn't correspond to the UCC financing statement dated July 21, 2004, on which the Plaintiff is relying, while the $450,000 and $270,000 promissory notes each state that, in addition to the security agreement dated April 4, 2007, they are secured by a security agreement dated July 15, 2004, which the Defendant apparently does not hold in due course as it has not been pled or otherwise referenced, but which security agreement dated July 15, 2004, does correspond to the UCC financing statement dated July 21, 2004; and 2) the security agreement dated April 4,2007, describes non-purchase-money collateral while the UCC financing statement dated July 21, 2004, describes purchase-money collateral.

<u>Answer</u>, ¶ 25.

EBC argues that paragraph 25 fails to meet the pleading standards under Rule 8. The Court agrees. Rule 8 requires a party to make a short, plain statement that puts the opposing party on notice of the claim or defense. Sullivan alleges in Paragraph 25 that EBC "may not own or be the holder in due course of the underlying debt and instruments securing the same," or EBC "may not have an (sic) legal basis to seek enforcement of its rights under such instruments." Sullivan is effectively alleging that there might be a problem with the documents that might preclude EBC from establishing that it had a valid security interest in the farm equipment. Alleging that a defense might exist is only speculation and is insufficient.

Under Rule 8, EBC is entitled to notice of the specific defense or defenses that Sullivan asserts; not speculation about possible defenses that Sullivan might assert. Paragraph 25 should be stricken for failure to meet the pleading requirements of Rule 8.

Sullivan should be given leave to replead paragraph 25 to allege clearly the defense or defenses in accordance with the pleading requirements of Rule 8. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

WHEREFORE Plaintiff's Motion to Strike Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) (d/e 14) should be ALLOWED in part and DENIED in part. The affirmative defenses alleged in Paragraphs 22 and 23 of the Answer should be stricken. The affirmative defense in Paragraph 25 of the Answer should be stricken with leave to replead. The Motion should otherwise be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection

will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  January 30, 2014

                                                   *s/ Byron G. Cudmore*
                                               UNITED STATES MAGISTRATE JUDGE