UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| EBC ASSET INVESTMENT, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 13-1378 |
| SULLIVAN AUCTIONEERS, LLC., an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is now before the Court on the Report and Recommendation (ECF No. 20) issued by Magistrate Judge Byron G. Cudmore regarding Defendant's Motion for Judgment on the Pleadings (ECF No. 17). For the reasons stated below, the Report and Recommendation (ECF No. 20) is GRANTED, and Defendant's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED.

## JURISDICTION

Under 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "citizens of different states." The parties in this action meet the diversity of citizenship requirement because EBC Asset Investment, Inc. ("Plaintiff") is a Virginia corporation with its principal place of business located in Dulles, Virginia. Sullivan Auctioneers, LLC ("Defendant") is an Illinois limited liability company with its principal place of business located in Hamilton, Illinois. Defendant has three members: Daniel Sullivan, who resides in Hamilton, Illinois; James Sullivan, who resides in Hamilton, Illinois; and Joseph Sullivan, who resides in Rushville, Illinois. The amount in controversy was a matter of dispute, but this Court

1

held that Plaintiff met the amount in controversy requirement when it denied Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Venue is proper under 28 U.S.C. § 1391 because Defendant resides in Hancock County, Illinois and a substantial part of the events or omissions that are the subject of the Complaint occurred in Hancock County, Illinois.

**BACKGROUND**

On June 4, 2007, Scott Hoerr and his wife, Anna Hoerr, granted to Corn Belt Bank & Trust Company ("Corn Belt") a security interest in all of the Hoerrs' "Inventory, Chattel Paper, Accounts, Equipment, General Intangibles, Crops, Farm Products, Livestock (including all increase supplies) and Farm Equipment." Complaint, Exhibit A, Agricultural Security Agreement ("Security Agreement"), at 1. The grant of a security interest included all such property "now owned or hereafter acquired." *Id.* At the time, the Hoerrs were indebted to Corn Belt on two promissory notes in the original principal amounts of $450,000 and $270,000. The $450,000 note was renewed and replaced by another $450,000 note dated July 18, 2008. Complaint, Exhibits C and D, Promissory Notes ("Notes"). The Notes were part of an ongoing business relationship with the Hoerrs and Corn Belt. Corn Belt had previously filed a financing statement perfecting its security interests in the Hoerrs' collateral on July 21, 2004.

On February 13, 2009, the Federal Deposit Insurance Corporation ("FDIC") closed Corn Belt. The FDIC, as receiver for Corn Belt, maintained the perfection of Corn Belt's security interest in the Hoerrs' collateral by filing a continuation of Corn Belt's financing statement with the Illinois Secretary of State on June 30, 2009. Complaint, Group Exhibit B, Financing Statements.

Plaintiff alleges that FDIC sold the Notes and assigned the security agreements to Plaintiff. The documents attached to the Complaint show that FDIC sold the Notes and assigned the security interests to CIRAS, LLC, effective August 6, 2009; and CIRAS, LLC, sold the Notes and assigned the security interest to Plaintiff effective August 25, 2009. Complaint, Exhibits C, D, and E Promissory Notes, Allonges and Assignments of Security Agreements. On June 20, 2011, financing statements were filed with the Illinois Secretary of State showing the assignments of security interests from FDIC to CIRAS, LLC, and then to Plaintiff. Complaint, Group Exhibit B, Financing Statements.

In the spring of 2010, the Hoerrs decided to end their farming operation. Scott Hoerr contacted Defendant to conduct an auction of the Hoerrs' farming equipment. The auction occurred on June 22, 2010. Neither the Hoerrs nor Defendant notified Plaintiff of the auction. Defendant conducted an auction at its place of business in Hamilton, Illinois.

Upon information and belief, Plaintiff alleges that the sale proceeds totaled $820,545. Plaintiff alleges that the proceeds were subject to its security interest. Defendant distributed the proceeds to John Deere Credit, Scott Hoerr, and itself. Plaintiff alleges that it demanded payment of the proceeds from the sale, but Defendant refused the demand.

Plaintiff now asks for judgment against Defendant for the proceeds of the sale. Plaintiff filed this action on August 13, 2013. Defendant now moves for judgment on the pleadings.

## STANDARD OF REVIEW

Motions for judgment on the pleadings are governed by the same standards as motions to dismiss. Fed. R. Civ. P. 12(b)(6) and (c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Thus, judgment on the pleadings is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). All

documents attached to the Complaint are part of the Complaint for all purposes. Fed. R. Civ. P. 10(c). For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff. *Hagen v. City of West Peoria*, 84 F.3d 865, 868-69 (7th Cir. 1996); *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178 (7th Cir. 1996). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim must provide the defendant fair notice of what the claim is and the grounds upon which it rests. *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Judgment on the pleadings is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *See Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

## DISCUSSION

Defendant argues that Plaintiff's claim is barred by the statute of limitations. Plaintiff alleges that it had a valid, perfected security interest in farm equipment, Defendant wrongfully sold the equipment as auctioneer for the Hoerrs without notice to Plaintiff, and Defendant dispersed those proceeds in contravention of Plaintiff's security interest. Under Illinois law, an auctioneer who conducts an auction without the consent of a secured party may be liable to the

4

secured party for conversion of the secured party's interest in the collateral. *See Hills Bank & Trust Co. v. Arnold Cattle Co.*, 22 Ill.App.3d 138, 140-41 (Ill. App. 3d Dist. 1974).

Actions for conversion of personal property are subject to a five-year statute of limitations in Illinois. 735 ILCS 5/13-205. Section 13-205 states:

> § 13-205. Five year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code," approved July 31, 1961, as amended, and Section 11-13 of "The Illinois Public Aid Code," approved April 11, 1967, as amended, actions on unwritten contracts expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

735 ILCS 5/13-205.

Section 13-205 specifically mentions conversion of personal property. Plaintiff alleges that Defendant converted its security interest in the Hoerrs' personal property in the form of the farm equipment. The alleged conversion occurred in June 2010. Plaintiff brought this action in August 2013, well within the five-year statute. This Court finds that Section 13-205 applies and that the action is not barred by the statute of limitations.

Defendant argues that Plaintiff's claim is subject to the three-year statute of limitations in Article 3 of the Uniform Commercial Code ("UCC"), 810 ILCS 5/3-118(g). Section 3-118(g) states:

> (g) Unless governed by other law regarding claims for indemnity or contribution, an action (i) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this Article and not governed by this Section must be commenced within 3 years after the cause of action accrues.

Section 3-118(g), is part of Article 3 of the UCC. Article 3 applies to negotiable instruments. 810 ILCS 5/3-102. A negotiable instrument is an unconditional promise or order to pay money which meets several specific conditions. 810 ILCS 5/3-104. Plaintiff

5

does not allege that Defendant converted a negotiable instrument. Plaintiff alleges that Defendant converted its security interest in the Hoerrs' farming equipment. Therefore, this Court finds that Section 3-118(g) does not apply.

Defendant also argues that Article 9 of the UCC does not apply. Defendant first argues that Article 9 only applies to, "a transaction, regardless of form, that creates a security interest in personal property or fixtures by contract," quoting § 9-109(a) of Article 9. 810 ILCS 5/9-109(a). Defendant argues that Article 9 no longer applies since the security interest was already created in 2007. The Court disagrees. A review of Article 9 shows that the article governs the rights of the party holding a security interest after the security interest has been created. For example, Part 9-2 governs the effectiveness of security interests and the rights and duties of the secured party, and Part 9-3 governs perfection and priority of security interests. 810 ILCS 5/9-201 – 5/9-210, 5/9-301 – 5/9-342. Article 9 clearly applies to more than just the creation of a security interest, but also applies to the ongoing rights and obligations between the secured party, the property owner, and third parties.

Defendant also argues that this transaction is excluded from Article 9. Section 9-109(d)(5) states:

(d) Inapplicability of Article. This Article does not apply to:

(5) an assignment of accounts, chattel paper, payment intangibles, or promissory notes which is for the purpose of collection only

Defendant argues that the assignment to Plaintiff was for the purpose of collection only. The Court disagrees with Defendant's analysis. Plaintiff alleges that it bought the Notes secured by the security interests in the collateral, including the Hoerrs' farm equipment. When read favorably to Plaintiff, the allegations show a sale of an asset in

6

the form of the secured Notes, not an assignment for collection only. The Court must read the allegations favorably to Plaintiff for purposes of this Motion. When read that way the allegations show that Article 9 applies.

The only possible negotiable instruments in this case subject to Article 3 are the Notes. Plaintiff does not allege that Defendant was obligated under the Notes, does not allege that Defendant converted the Notes, and does not otherwise seek to collect on the Notes. Rather, Plaintiff alleges that it had an interest in property in the Hoerrs' farm equipment in the form of a security interest, and Defendant wrongfully converted that interest. Plaintiff's alleged security interest is not a negotiable instrument; the security interest is an interest in personal property to secure payment. See 810 ILCS 5/1-201(b)(35). Article 3 only applies to negotiable instruments. 810 ILCS 5/3-102. Thus, Article 3, including § 3-118(g), does not apply.

The statute of limitations for conversion of personal property in Illinois is five years. 735 ILCS 5/13-205. Plaintiff's claim is not barred by the statute of limitations. Therefore, this Court adopts the Report and Recommendation of Judge Cudmore and finds that Defendant is not entitled to judgment on the pleadings. As a result, Defendant's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED.

## CONCLUSION

For the reasons stated above, Magistrate Judge Cudmore's Report and Recommendation (ECF No. 20) is GRANTED. Defendant's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED.

ENTERED this 21st day of February, 2014.

   /s/ Michael M. Mihm   

Michael M. Mihm
United States District Judge